**Memorandum Opinion on Order filed November 22, 2022.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-22-00833-CV**

**IN RE D.S.W., Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-88778**

## MEMORANDUM OPINION ON ORDER

On November 10, 2022, relator D.S.W. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Janice Berg, presiding judge of the 247th District Court of Harris County, to rule on his bill of review.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A) (providing that appendix must contain

certified or sworn copy of any order complained of, or any other document showing document complained of), 52.7(a)(1) (providing record must contain certified or sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding). Also, relator's unsworn declaration does not comply with section 132.001(e) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 132.001(e) (providing that unsworn declaration from inmate may be used in lieu of written sworn declaration, if it is made under penalty of perjury and includes inmate's name, date of birth, identifying number, and prison unit, and city, county, state, and zip code of prison unit). Relator states in his unsworn declaration:

> My name is [D.S.W.], my date of birth is . . . , and my inmate identifying number is . . . . I am presently incarcerated in Prairieland Eden Detention Center, in the city of Alvarado, Johnson County, in the state of Texas, zip code 76009. I declare under penalty of perjury that the foregoing mandamus record, including every document that is material to relator's claim for relief and that was filed in any underlying proceeding, is true and correct.
>
> Additionally, I declare that there was no relevant testimony that was adduced from me in connection with the matter complained of. I am unaware of any other testimony that the court may have taken in connection with this matter.
>
> Executed on the 31st day of October, 2022.

While relator substantially complied with form of the unsworn declaration authorized by Civil Practice and Remedies Code section 132.001(e), relator's unsworn declaration had no "foregoing" items attached *before* the unsworn declaration, so the only things relator declared were true and correct under penalty of perjury were relator's name, birthdate, and information about his incarceration, not the items attached to relator's mandamus appendix and record.

The purpose of the unsworn declaration is to authenticate the items that form the mandamus record. To comply with Texas Rules of Appellate Procedure 52.3(k)(1)(A) and 52.7(a)(1), relator's declaration must refer not only to the section 132.001(e) information, but also refer to the following items:

(1) in the appendix to relator's petition, "any order complained of, or any other document showing the matter complained of" (Tex. R. App. P. 52.3(k)(1)(A)); and

(2) in the mandamus record, "every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" (Tex. R. App. P. 52.7(a)(1)).

In short, to authenticate the items, the relator must submit a declaration that states under penalty of perjury that the items (orders and documents) attached to relator's mandamus appendix and record are true and correct.[1] This can be accomplished by placing the unsworn declaration after the items (therefore making the items "foregoing") or by specifically describing the items in the unsworn declaration rather than referencing the items as "foregoing."[2]

---

[1] Relator specifically complied with Texas Rule of Appellate Procedure 52.7(a)(2) (concerning transcript of any relevant testimony from any underlying proceeding, including exhibits offered in evidence) by stating no testimony was adduced in connection with the matter complained. If such testimony had been adduced (including exhibits), then relator would have been required to refer to that testimony in his unsworn declaration.

[2] The form for the unsworn inmate declaration is:

My name is _____ _____ _____,
                        (First)                          (Middle)                       (Last)
my date of birth is _____, and my inmate identifying number, if any, is

_____.

I am presently incarcerated in _____
                                                              (Corrections unit name)
in _____, _____, _____, _____.
        (City)                          (County)                     (State)                  (Zip Code)

Relator is notified that this original proceeding is subject to dismissal without further notice unless relator files with the clerk of this court no later than 45 days from the date of this order either (1) an amended petition and record that comply with Rule 52 with unsworn declarations at the end of both the amended petition and record or (2) an unsworn declaration that specifically describes and authenticates the orders and documents attached to relator's previously filed mandamus appendix and record.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan. (Wise, J., Notice is not required before dismissing a petition for writ of mandamus. *See In re Kholaif*, 624 S.W.3d 228 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (Frost, C.J., dissenting)).

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____ day of _____, _____.
                                    (Month)              (Year)

_____
                                        Declarant

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).